UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANDRE P. DIGGS,

                             Plaintiff,                      **MEMORANDUM & ORDER**

                  - against -                          21-CV-3685 (PKC) (LB)

POLICE OFFICER JOHN DOE, Officer
ID #950387; and CITY OF NEW YORK,

                          Defendants.
--------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Andre P. Diggs, currently incarcerated at the Five Points Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 against the City of New York and a John Doe police officer. The Court grants Plaintiff's request to proceed *in forma pauperis*. (*See* Dkt. 2.)

For the reasons below, Plaintiff's claim against the City of New York is dismissed for failure to state a claim upon which relief may be granted, but Plaintiff is given forty-five (45) days to amend. Plaintiff's claim against Officer John Doe may proceed once he is identified.

## BACKGROUND

Plaintiff asserts that on January 21, 2020, he was "falsely arrested" for criminal possession of a controlled substance on Post Avenue in Staten Island. (Complaint, Dkt. 1, at ECF[1] 3–4.) The criminal charges against Plaintiff were ultimately dismissed on October 2, 2020. (*Id.* at ECF 4, 7.) Plaintiff alleges that "the actions committed by my arresting officer John Doe who's ID# 950387 [*sic*]" violated his federal constitutional rights. (*See id.* at ECF 4.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

## DISCUSSION

### I. Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in a complaint are assumed to be true, this rule does not extend "to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

It is axiomatic that *pro se* pleadings are to "be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, federal courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, under 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court is required to dismiss *sua sponte* a prisoner's complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b); *accord Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (per curiam). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**II.     Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

Section 1983 claims may be brought directly against a municipality and its officials under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). To establish such a claim, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right. *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *accord Wong v. City of New York*, No. 19-CV-6900 (RPK) (VMS), 2021 WL 768136, at *5 (E.D.N.Y. Feb. 26, 2021). Official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Lucente*, 980 F.3d at 297 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)); *accord Hernandez v. United States*, 939 F.3d 191, 206 (2d Cir. 2019).

Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City of New York caused a violation of any of his federally protected rights. Moreover, to the extent that Plaintiff seeks to argue that the City of New York should be held liable because Officer John Doe is employed by the City, a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents under Section 1983. *See Lucente*, 980 F.3d at 297–

98; *Demosthene v. City of New York*, No. 18-CV-1358 (ARR) (PK), 2019 WL 181305, at *8 (E.D.N.Y. Jan. 10, 2019). Given that Plaintiff has failed to allege any factual details to support a *Monell* claim against the City, his claim against the City of New York is dismissed. *See* 28 U.S.C. § 1915A(b)(1). Plaintiff, however, is given 45 days' leave to amend his pleading as to this claim, and to allege facts that would support a reasonable inference that some official policy or custom of the City of New York caused a violation of his federally protected rights. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000) ("[A] *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999))).

Plaintiff's claim of false arrest against Officer John Doe may proceed.

## CONCLUSION

Accordingly, Plaintiff's claim against the City of New York is dismissed, but Plaintiff is granted forty-five (45) days' leave to file an amended complaint. *See* 28 U.S.C. § 1915A(b)(1); *Cruz*, 202 F.3d at 597–98. Plaintiff is advised that an amended complaint does not simply add to the original complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same case number as this Order, 21-CV-3685 (PKC) (LB). If Plaintiff fails to comply with this Order within the time allowed or fails to cure the deficiencies discussed herein, the City of New York will be dismissed from this action.

Plaintiff's claim of false arrest against Police Officer John Doe (ID# 950387), however, will proceed. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court

4

requests that the Corporation Counsel of the City of New York, within sixty (60) days, ascertain the full name of Officer John Doe and provide the address where Officer John Doe may be served. Once this information is provided, Plaintiff's complaint shall be deemed amended to reflect the full name of this individual as a Defendant, and the Court will direct service accordingly. No summonses shall issue at this time.

The Clerk of Court is respectfully directed to mail a copy of this Order and Plaintiff's Complaint to the Corporation Counsel, Special Federal Litigation Division. This action is respectfully referred to the Honorable Lois Bloom, Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 23, 2021
       Brooklyn, New York